**UNITED STATES of America, Plaintiff,**

v.

**Patrick M. WILLIAMS and Charles R. Ector, t/a Woodridge Pharmacy, Defendants.**

**Civ. A. No. 75–1091.**

United States District Court, District of Columbia, Civil Division.

July 12, 1976.

Thomas G. Corcoran, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

Wiley A. Branton, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN H. PRATT, District Judge.

By order dated March 10, 1976, the Court granted the plaintiff's motion for partial summary judgment herein. Thereafter, on June 4, 1976, the Court held a hearing on the penalty to be assessed at which plaintiff and defendants had an opportunity to present witnesses and cross-examine. Based on that hearing and the entire record herein, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. During the period extending from April 29, 1973 through September 10, 1975, defendant Williams failed to prepare and maintain complete and accurate records with respect to the receipt and distribution of Preludin 75 mg. Endurets, a Schedule II preparation containing phenmetrazine and its salts. [Affidavit of Robert C. Williamson dated December 23, 1975, ¶¶ 4–5, Exhibit A to plaintiff's motion for partial summary judgment; Affidavit of Zenon Grundkowski dated January 2, 1976, ¶ 3, Exhibit B to plaintiff's motion supra; Report of Investigation, last page, Exhibit A to the Amended Complaint].

2. During the period extending from April 29, 1973 through September 10, 1975, defendant Williams failed to prepare and maintain complete and accurate records with respect to the receipt and distribution of Ritalin 20 mg. tablets, a Schedule II preparation containing methylphenidate. [Affidavit of Robert C. Williamson supra, ¶¶ 4–5; Affidavit of Zenon Grundkowski supra, ¶ 3; Report of Investigation supra, last page].

3. During the period extending from April 29, 1973 through September 10, 1975, defendant Williams filled 55 incomplete prescriptions. [Affidavit of Robert C. Williamson supra, ¶ 1; Affidavit of Zenon Grundkowski supra, ¶ 1; Report of Investigation supra, p. 6].

4. During the period extending from April 29, 1973 through September 10, 1975, defendant Williams filled at least 92 xeroxed prescriptions. [Affidavit of Robert C. Williamson supra, ¶ 1; Affidavit of Zenon Grundkowski supra, ¶ 1; Report of Investigation supra, pp. 7–8].

5. During the period extending from April 29, 1973 through September 10, 1975, defendant Williams filled 42 prescriptions bearing Dr. Dent's name but obviously not signed by him. [Affidavit of Robert C. Williamson supra, ¶¶ 6–8; Affidavit of Zenon Grundkowski supra, ¶ 3; Affidavit of Thomas M. Dent, III, M.D., dated December 23, 1975, ¶¶ 1–2, Exhibit C in support of motion for partial summary judgment; Report of Barry M. Spittle, Exhibit A to plaintiff's memorandum on civil penalty to be assessed].

6. Between December, 1972 and the end of 1975, defendant Williams dispensed approximately 336,900 Preludin 75 mg. Endu-

rets and approximately 35,000 Ritalin 20 mg. Tablets. [Defendants' Answers to Interrogatories; Deposition of Patrick M. Williams].

7. Defendant Williams grossed approximately $65,000 from the sale of Preludin and Ritalin in this period. [Defendants' Answers to Interrogatories; Deposition of Patrick M. Williams].

8. Between 1972 and 1975, phenmetrazine was one of the most commonly abused drugs, if not the most commonly abused drug, in the District of Columbia. [Exhibits D, E and F in support of plaintiff's memorandum on civil penalty to be assessed].

9. From May 10, 1973 to August 10, 1973, Boehringer-Ingelheim, the manufacturer of Preludin, imposed a moratorium on its distribution in the Washington area. [Exhibit D in support of plaintiff's memorandum on civil penalty to be assessed].

10. During the week of June 17, 1974, Mr. Williams had a conference with Assistant United States Attorney Jason D. Kogan. Mr. Kogan informed Mr. Williams that Dr. Burton had been selling prescriptions for Preludin and Ritalin to persons with no medical need for them, that Mr. Williams had been filling those prescriptions, and that the persons to whom the prescriptions were issued were using these drugs to satisfy their own addictions or to sell the drugs to addicts. [Affidavit of Jason D. Kogan, Exhibit C to plaintiff's memorandum on civil penalty to be assessed; Testimony of Jason D. Kogan, June 4, 1976].

11. By letter dated May 20, 1973, the Washington Pharmaceutical Association called attention to the indiscriminate prescription of Preludin 75 mg. Endurets, and urged the utmost care in dispensation of that drug. [Exhibit 11 admitted in evidence at the hearing on June 4, 1976; Testimony of Everett A. Gill at the hearing on June 4, 1976; Testimony of Patrick M. Williams at the hearing on June 4, 1976].

12. Commencing September 10, 1975, Robert C. Williamson and Zenon Grundkow-ski, compliance investigators of the Drug Enforcement Administration, conducted an administrative investigation of Woodridge Pharmacy. Neither Mr. Williamson nor Mr. Grundkowski have had any formal training in handwriting analysis. They picked out the 42 forged prescriptions (Exhibit 3 admitted in evidence) and the 92 prescriptions with mechanically reproduced signatures (Exhibit 2 admitted in evidence) without error. [Testimony of Robert C. Williamson, June 4, 1976; Stipulated Testimony of Zenon Grundkowski].

13. After the New Beacon Pharmacy, Woodridge Pharmacy was the most important source of Preludin in the Washington area during the period from 1972 to 1975. [Testimony of Robert C. Williamson, June 4, 1976; Status Report of Robert C. Williamson, Exhibit G in support of plaintiff's memorandum on civil penalty to be assessed].

14. Based upon the testimony of two reputable pharmacists in the District of Columbia, Mr. Aaron Rosenstadt, President of the District of Columbia Board of Pharmacy, and Mr. Everett A. Gill, President-Elect of the Washington, D. C. Pharmaceutical Association, both of whom had examined the prescriptions filled by Mr. Williams and the prices he charged, the Court finds that a pharmacist who filled these purported prescriptions must have known that some of the prescriptions had been forged (Exhibit 3 admitted in evidence), some had been mechanically reproduced (Exhibit 2 admitted in evidence), and that the bulk of them had not been issued in the course of legitimate medical practice. [Testimony of Aaron Rosenstadt and Everett A. Gill, June 4, 1976; Exhibits H and I in support of memorandum on civil penalty to be assessed].

15. The Court finds that the defendant, Patrick M. Williams, filled all or most of the prescriptions filed herein as Exhibit F in support of the plaintiff's motion for partial summary judgment, when he knew or should have known that the signatures thereon were forged. [Exhibit 3 admitted in evidence].

16. The Court finds that the defendant, Patrick M. Williams, filled all or most of the prescriptions filed herein as Exhibit F in support of the plaintiff's motion for partial summary judgment, when he knew or should have known that the signatures thereon were mechanically reproduced. [Exhibit 2 admitted in evidence].

17. The Court finds that the defendant, Patrick M. Williams, failed to maintain complete and accurate records with respect to the receipt and distribution of Preludin and Ritalin in the course of a reckless pursuit of profit that amounted to willfulness. [Exhibits A and B in support of plaintiff's motion for partial summary judgment; Answers to Interrogatories; Testimony of Patrick M. Williams, June 3, 1976; Deposition of Patrick M. Williams].

18. The Court finds that the defendant, Patrick M. Williams, filled 55 incomplete prescriptions during the period June 5, 1973 to September 10, 1975, in the course of a reckless pursuit of profit that amounted to willfulness. [Exhibits A and B in support of plaintiff's motion for partial summary judgment; Testimony of Patrick M. Williams, June 4, 1976; Deposition of Patrick M. Williams].

19. The Court finds that the defendant, Patrick M. Williams, filled prescriptions for Preludin and Ritalin between 1972 and 1975 when he knew or should have known that many of them had not been issued in the course of legitimate medical practice. [Testimony of Aaron Rosenstadt and Everett A. Gill, June 4, 1976, Exhibits H and I in support of memorandum on civil penalty to be assessed].

20. Defendant Williams has total assets in the approximate amount of $134,299. [Statement of Assets and Liabilities, dated March 31, 1976, Exhibit J in support of memorandum on civil penalty to be assessed].

### Conclusions of Law

1. This Court has jurisdiction to order injunctive relief and to assess penalties for the violation of the Controlled Substances Act in the District of Columbia. 21 U.S.C. §§ 842(c)(1) and 882(a), and 28 U.S.C. § 1355.

2. For purposes of determining whether defendant has violated the Controlled Substances Act it is immaterial that defendant observed reasonable commercial standards. Rather, such a showing, if relevant, would only be in mitigation of the penalty to be assessed.

3. In considering the amount of penalty to be assessed, the Court should consider (1) the willfulness of the violations, (2) how much the defendant earned as the result of his unlawful activities, (3) the harm to the public, and (4) the financial capacity of the defendant to pay. *United States v. J. B. Williams,* 498 F.2d 414, 436 (2nd Cir. 1974); *United States v. Ancorp,* 367 F.Supp. 1221 (S.D.N.Y.1973).

4. Defendant has violated 21 U.S.C. § 827(a)(3), 21 U.S.C. § 842(a)(5), 21 U.S.C. § 842(a)(1), 21 C.F.R. § 1304.24 (1975), 21 C.F.R. § 1306.05(a) (1975), and 21 C.F.R. § 1306.06, as set out in Counts I through IV of the Amended Complaint.

5. Defendant has also violated 21 C.F.R. § 1306.04 (1975).

6. Defendant has engaged in a course of business conduct in willful and callous disregard of the law and regulations regarding controlled substances when he knew, or should have know, that he was in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

An Order consistent with the foregoing Findings of Fact and Conclusions of Law has been entered this date.